## Kimmelman v. Northwestern Mutual Life Insurance Company

*D. A. Silverstein*, for plaintiff.
*H. Bartle, III*, for defendant.

CODY, *J.*, December 15, 1975—This is an action for recovery on life insurance policies containing provisions for double indemnity against accidental death. The insured died following an operation for prostatic hypertrophy. Defendant has moved for summary judgment under Pa.R.C.P. 1035 on the basis of its requests to plaintiff for admissions as to facts contained in the hospital record of the insured's treatment and subsequent death. Plaintiff admits that the copy of the hospital record attached to defendant's requests is a true and correct copy and incorporates the entire record as his answer, but denies the requests for admissions as incomplete and inaccurate and urges that further evidence may be adducible to demonstrate that the proximate cause of the insured's death was accidental. Neither side has filed affidavits.

Plaintiff's supposition advanced in his brief that the evidence at trial may show that the death was not caused by the condition for which the insured was operated on, but by the accidental or inadvertent act of a member of the surgical team is not sufficient to prevent the entry of judgment. He must go further and, if that is the fact relied on, establish it by way of depositions or affidavits of competent witnesses with personal knowledge. Plaintiff will be given an opportunity to do this, but within a reasonable time so as not to delay trial.

Accordingly, December 15, 1975, as provided in Rule 1035(e), final disposition of the motion for

summary judgment is continued, and plaintiff is directed to file depositions or affidavits in opposition to the motion within 60 days from the date of this order; otherwise, the motion for summary judgment may, on praecipe of defendant's counsel, be granted.